UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
DOCKET NO. 2:13-CV-00008-FDW

| | |
|---|---|
| MARK LEE POPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN,[1] ) | |
| Acting Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff Mark Lee Pope's Motion for Summary Judgment (Doc. No. 10), filed on July 8, 2013, and Defendant Acting Commissioner of Social Security Carolyn W. Colvin's ("Commissioner's") Motion for Summary Judgment (Doc. No. 12), filed on August 28, 2013. Plaintiff seeks judicial review of an unfavorable administrative decision on his application for disability benefits.

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, Plaintiff's Motion for Summary Judgment is DENIED, Defendant's Motion for Summary Judgment is GRANTED, and the Commissioner's decision is AFFIRMED.

I.      FACTUAL BACKGROUND

Plaintiff filed a Title II application for a period of disability and disability insurance benefits and a Title XVI application for supplemental security income on July 25, 2007, alleging

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

a disability onset date of April 25, 2003. (Tr. 126, 131). The claim was initially denied on October 28, 2008, (Tr. 70, 74), and again upon reconsideration on August 19, 2010. (Tr. 84, 92). Subsequently, on September 14, 2010, Plaintiff filed a written request for an administrative hearing (Tr. 103), and Administrative Law Judge Gregory M. Wilson ("ALJ") held a hearing on March 9, 2011. (Tr. 35). On August 25, 2011, the ALJ issued a decision finding that Plaintiff was not disabled. (Tr. 13-28). Plaintiff timely requested review by the Appeals Council. (Tr. 9). By notice dated December 14, 2012, the Appeals Council denied Plaintiff's request for further administrative review. (Tr. 1). Thus, the ALJ's decision of August 25, 2011, became the final decision of the Commissioner.

Plaintiff timely filed this action on February 13, 2013, (Doc. No. 1), and the parties' Motions for Summary Judgment are now ripe for review pursuant to 42 U.S.C. § 405(g).

## II. STANDARD OF REVIEW

Judicial review of a final decision of the Commissioner in social security cases is authorized pursuant to 42 U.S.C. § 405(g), and is limited to consideration of (1) whether substantial evidence supports the Commissioner's decision and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 390 (1971); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987)). District courts do not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). A reviewing court must uphold the decision of the Commissioner, even in instances where the reviewing court would have come to a different conclusion, so long as the Commissioner's decision is supported by substantial evidence. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982). Substantial evidence is "such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson, 402 U.S. at 401). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (quoting Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966), overruled by implication on other grounds by Black & Decker Disability Plan v. Nord, 538 U.S. 822 (2003)); see also Parker v. Kraft Foods Global, Inc., No. 3:07-cv-87, 2010 WL 1929555, at *5 (W.D.N.C. May 12, 2010). In reviewing for substantial evidence, a court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. Barnes ex rel. T.J. v. Colvin, No. 4:12-cv-254, 2014 WL 126039, at *1 (E.D.N.C. Jan. 13, 2014) (citing Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996), superseded by regulation on other grounds, 20 C.F.R. § 416.927). The ALJ, and not the Court, has the ultimate responsibility for weighing the evidence and resolving any conflicts. Hays, 907 F.2d at 1456.

### III. ANALYSIS

The question before the ALJ was whether Plaintiff was "disabled" under the Social Security Act between April 25, 2003, and the date of his decision.[2] Plaintiff has the burden of proving he was disabled within the meaning of the Social Security Act in order to be entitled to benefits. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

On August 25, 2011, the ALJ found that Plaintiff was not "disabled" at any time between April 25, 2003, and the date of his decision. (Tr. 13). Under the Social Security Act, there is a five-step sequential process for determining whether a person is disabled. 20 C.F.R. § 404.1520(a)(1). Those five steps are: (1) whether the claimant is engaged in substantial gainful

---

[2] "Disability" is defined under the Social Security Act, 42 U.S.C. § 301, et seq., as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

3

activity; (2) whether the claimant has a severe medically determinable impairment or a combination of impairments that is severe; (3) whether the claimant's impairment or combination of impairments meets or medically equals one of The Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and (5) whether the claimant is able to do any other work, considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(i-v).

In this case, the ALJ determined that Plaintiff was not disabled under the fifth step of the evaluation process. (Tr. 27-28). The ALJ concluded that "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (Tr. 27).

On appeal, Plaintiff presents the following assignments of error: (1) the ALJ's RFC determination is unsupported by substantial evidence because the ALJ erred in weighing the opinions of the treating physician Dr. Molison, consultive examiner Dr. Karen Marcus, and RN Helen Wilson; (2) the ALJ erred in assessing the required factors in determining Plaintiff's credibility; and (3) new and material evidence justifies a remand in this case. (Doc. No. 11).

The Court notes that Plaintiff's brief appears to be hastily thrown together with few relevant legal citations and no actual legal discussion or analysis of the relevant legal issues before the Court. This Court has repeatedly warned attorneys practicing before it in social security cases about the perils of such a practice, and the Court has struck the briefs of plaintiffs, disregarded legal arguments that were not supported by relevant legal citations, and sanctioned the attorneys engaging in such conduct.[3] This Court has also cautioned Plaintiff's counsel

---

[3] See e.g., Adams v. Astrue, No. 1:11-cv-336, 2013 WL 609859 (W.D.N.C. Jan. 28, 2013) (Howell, Mag. J.); Hardy v. Astrue, No. 1:11-cv-299, 2013 WL 66082 (W.D.N.C. Jan. 4, 2013) (Howell, Mag. J.); Chandler v. Astrue, No.

against such a practice in an Order, although that Order was entered after the briefs in this case were filed. See Ellis v. Astrue, No. 2:12-cv-18 (W.D.N.C. Jul. 8, 2013). Going forward, this Court will disregard and/or strike from the record any legal argument or brief submitted by Plaintiff's counsel that is not supported by relevant legal authority and contains no legal discussion of how this authority supports the relief requested. Moreover, the Court will disregard any factual statements that are not supported by a citation to the record. Filings such as these disrupt the Court's docket, do a disservice to counsel's client, and waste the resources of the Court. Turning to the arguments in this case, the Court has reviewed the pleadings and briefs and has construed to the best of its ability Plaintiff's assignments of error, which are addressed below.

**A. Substantial evidence supports the ALJ's RFC determination.**

Plaintiff argues that the ALJ's RFC determination is unsupported by substantial evidence because the ALJ erred in weighing the opinions of the treating physician Dr. Molison, consultive examiner Dr. Karen Marcus, and RN Helen Wilson.

After review of the ALJ's decision, the Court finds for the reasons below that the ALJ clearly evaluated all of the evidence, including the opinions of Dr. Molison, Dr. Karen Marcus, and RN Helen Wilson.

**1. The Opinion of Treating Physician Dr. Matthew Molison**

With respect to Dr. Molison's opinion, Plaintiff argues that the ALJ failed to accord adequate weight to his opinion as the treating physician of Mr. Pope according to 20 C.F.R. § 404.1527. (Doc. No. 11). Although the treating physician rule generally requires a court to accord *greater weight* to the opinion of a treating physician, the ALJ is not required to give

---

1:11-cv-229, 2012 WL 5336216 (W.D.N.C. Oct. 2, 2012) (Howell, Mag. J.); Pascoe v. Astrue, No. 1:11-cv-226, 2012 WL 3528054 (W.D.N.C. Jul. 23, 2012) (Howell, Mag. J.).

*controlling weight* to the opinion of the treating physician. See Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). The ALJ may choose to give less weight to the testimony of a treating physician if there is persuasive contrary evidence. Id.

In this case, the ALJ considered Dr. Molison's opinion as well as the Plaintiff's medical record and found that Dr. Molison's opinion was "nothing more than a collection of conclusory statements, unsupported by objective medical evidence and too inconsistent with the balance of the medical record." (Tr. 25). Thus, the ALJ was within his discretion in giving Dr. Molison's opinion little weight.

**2. The Consultive Psychological Examination Report of Dr. Karen Marcus**

Regarding Dr. Marcus' opinion, Plaintiff argues that although the ALJ gave great weight to the most recent consultive examination report by Dr. Marcus, the ALJ failed to consider supportive statements in his report. (Doc. No. 11). Specifically, Plaintiff contends that the ALJ did not consider the GAF score of 55 that Dr. Marcus gave Plaintiff in his evaluation of Plaintiff's RFC or his ability to maintain employment in a normal work environment on a normal work schedule. (Id.) Upon reviewing the record, the Court finds that the ALJ considered the GAF score in his assessment of Plaintiff's mental limitations. (Tr. 21). Specifically, the ALJ acknowledged that Plaintiff's "GAF was assessed at 55 in the most recent state agency-ordered consultive examination." (Tr. 21). Moreover, a GAF score is not dispositive of anything in and of itself and has no direct legal or medical correlation to the severity requirements of social security regulations. Minish v. Astrue, No. 1:12-cv-01, 2013 WL 1010437, at *4 (W.D.N.C. Mar. 14, 2013) (citations omitted). "[N]either agency regulations nor case law requires an ALJ to determine the extent of a claimant's mental disability based entirely on GAF scores." Id.

(quoting Beasley v. Astrue, No. 7:10-cv-232, 2102 WL 707091, at *5 (E.D.N.C. Mar. 5, 2012)). Accordingly, this argument is without merit.

### 3. The Statement of RN Helen Wilson

Plaintiff argues that the ALJ erred in giving the statement of RN Helen Wilson no persuasive weight, noting that the ALJ's opinion regarding the weight of Ms. Wilson's statement is "absurd" and "ludicrous." (Doc. No. 11). The ALJ did not err in giving the statement of RN Helen Wilson no persuasive weight because he found that it was inconsistent with the overall evidence of the record. (Tr. 26). He found that the opinion of Helen Wilson assessing Plaintiff as having a Class IV heart failure was inconsistent with the earlier report assessing a Class I/II heart impairment per the NYHA scale as well as the improved ejection fraction. (Tr. 26). The ALJ notes earlier in his report that echocardiograms showed an ejection fraction that steadily improved from 15-20% to 35% and later to 40-45%. (Tr. 19, 24). The ALJ found that this ejection fraction improvement was inconsistent with Helen Wilson's assessment of Plaintiff as having a Class IV heart failure. The ALJ further noted that such a classification would also be inconsistent with Plaintiff's activities of painting and traveling to Texas to maintain a romantic relationship. (Tr. 26). Therefore, substantial evidence supports the ALJ's finding.

### B. Substantial evidence supports the ALJ's credibility finding.

On the second issue, Plaintiff argues that the ALJ's credibility determination is unsupported by substantial evidence because he erred in assessing the required factors in determining Plaintiff's credibility. (Doc. No. 11). This assignment of error does not clearly identify to the Court how the ALJ erred in this finding. Moreover, the argument lacks citation to legal authority and an analysis of the relevant legal issue before the Court. Upon review of the record, the Court finds that the ALJ's assessment of Plaintiff's credibility is supported by

7

substantial evidence and contains no legal error. (Tr. 21-23). Accordingly, this argument is without merit.

**C. There is no new and material evidence that justifies a remand in this case.**

Finally, Plaintiff argues that approval of Plaintiff's second claim for Supplemental Security Income on May 2, 2013, justifies a remand in this case. (Doc. No. 11). The sixth sentence of 42 U.S.C. § 405(g) permits the Court to remand a final determination by the Commissioner if new and material evidence is subsequently introduced into the record and there is good cause for the failure to enter the evidence during the prior proceeding. The sixth sentence does not allow the Court to affirm, modify, or reverse the Commissioner's decision, nor does it permit the Court to make a ruling with respect to the correctness of a decision. Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). The burden of showing that all of the sentence six requirements have been met rests with Plaintiff. Gorham v. Astrue, No. 4:05-cv-00136, 2008 WL 5085086, at *1 (E.D.N.C. Nov. 24, 2008) (citing Fagg v. Chater, No. 95-2097, 1997 WL 39146, at *2 (4th Cir. Feb. 3, 1997)).

In order for the Court to remand a decision by the Commissioner pursuant to sentence six of § 405(g), Plaintiff must show that there is: (1) new evidence, (2) material evidence, and (3) good cause for the failure to incorporate such evidence into the record in prior proceedings. 42 U.S.C. § 405(g); Bird v. Comm'r of Soc. Sec. Admin., 699 F.3d 337, 345 n.6 (4th Cir. 2012); Smith v. Chater, 99 F.3d 635, 638 n.5 (4th Cir. 1996). Evidence is new if it is not duplicative or cumulative. Eason v. Astrue, No. 2:07-cv-00030, 2008 WL 4108084, at *3 (E.D.N.C. Aug. 29, 2008) (citing 20 C.F.R. §§ 404.970(b), 416.1470(b)). Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome. Id. The new

evidence must "relate to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b).

Plaintiff contends that because the second decision was made using, in part, the same evidence that was submitted for and on the same basis for which Plaintiff sought disability on his first claim, a remand is justified. (Doc. No. 11). Plaintiff makes a very short and conclusory argument that lacks any analysis of how this evidence meets the legal standard for a justified remand. Plaintiff fails to show how the additional evidence that was submitted for the subsequent decision relates to the alleged period of disability which is the subject of this appeal. Further, Plaintiff fails to show that the ALJ would have reached a different outcome had the evidence been incorporated into the record in the prior proceedings. Therefore, the Court finds that the new evidence is not material and rejects this argument.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment, (Doc. No. 10), is DENIED, Defendant's Motion for Summary Judgment, (Doc. No. 12), is GRANTED, and the Commissioner's decision is AFFIRMED. The Clerk's Office is directed to CLOSE THE CASE.

**IT IS SO ORDERED.**

Signed: March 11, 2014

Frank D. Whitney
Chief United States District Judge